IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAREN EVANS, JAMES T. EVANS,
individually and as guardians ad litem
for C.E. and J.W.E., minors,

                                                    ORDER

                    Plaintiffs,
                                                    08-cv-145-bbc

        v.

ROCHESTER MEAT COMPANY,
an Illinois corporation,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this civil action for monetary relief, plaintiffs Karen Evans and James Evans allege

that they and their minor children, C.E. Evans and J.W.E. Evans, contracted e. Coli

infections from ground beef manufactured and sold by respondent Rochester Meat

Company.  Plaintiffs allege that this court has jurisdiction to hear their claim under the

diversity statute, 28 U.S.C. § 1332.  However, plaintiffs' complaint does not allege facts

sufficient to allow this court to draw the conclusion that plaintiffs' citizenship is diverse from

defendant's.

        District courts have an independent obligation to insure that subject matter

1

jurisdiction exists.  Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006).  The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources.  Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003).  Federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction."  Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000).

In their complaint, plaintiffs allege that defendant is incorporated under the laws of Illinois with its principal place of business in Minnesota.  So far so good.  But, as to their own citizenship, plaintiffs are alleged only to be residents of Fitchburg, Wisconsin.

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons.  An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one domicile, but may have several residences.  Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).  Although I suspect that plaintiffs' place of residency and place of citizenship may be the same, it is plaintiffs' burden to establish

2

citizenship.  At the present time, they have established only their residency.  If plaintiffs

wish to continue with this action, they will be required to provide a statement clarifying their

citizenship.


ORDER

IT IS ORDERED that plaintiffs may have until June 4, 2008, in which to serve and

file a statement clarifying their citizenship.  If, by June 4, 2008, plaintiffs fail to show that

their citizenship is diverse from defendant's, this action will be dismissed for lack of

jurisdiction.

Entered this 21st day of May, 2008.

BY THE COURT:


/s/

_____
BARBARA B. CRABB
District Judge

3