IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAREN EVANS and
JAMES T. EVANS,
individually and as guardians ad litem for
C.E. and J.W.E., minors,

      Plaintiffs,           ORDER

  v.                08-cv-145-bbc

ROCHESTER MEAT COMPANY,
an Illinois corporation,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this civil action for monetary relief, plaintiffs Karen Evans, James T. Evans, C.E. and J.W.E. contend that defendant Rochester Meat Company is strictly liable for and negligently caused injuries plaintiffs suffered from contaminated meat allegedly manufactured and sold by defendant.  Defendant has filed a motion to strike under Fed. R. Civ. P. 12(f), contending that paragraphs 3.4-3.6 of plaintiff's complaint should be stricken as "irrelevant, immaterial and impertinent" to plaintiff's causes of action.  The paragraphs that defendant seeks to strike are as follows:

  3.4  Recalls of ground beef due to concerns about E. coli O157:H7

1

contamination are not a new phenomenon for defendant Rochester Meat Company, which had at least two recalls of ground beef prior to the subject E. coli O157:H7 recall.

3.5 On August 5, 1996, defendant Rochester Meat Company recalled 152,000 pounds of frozen ground beef patties due to potential E. coli O157:H7 contamination.

3.6 On September 6, 2000, defendant Rochester Meat Company recalled 30,000 pounds of ground beef patties due to potential E. coli O157:H7 contamination.

Rule 12(f) provides that the court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes.  Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006); Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).  A motion to strike should not be brought to strike extraneous matter "unless its presence in the complaint is actually prejudicial to the defense." Davis v. Ruby Foods, Inc., 269 F.3d 818, 821 (7th Cir. 2001) (citing Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).  As the court in Davis put it, "[s]uch motions are what give 'motion practice' a deservedly bad name."  As a result, the moving party faces an uphill battle to show that the defense has no bearing on the subject matter of the litigation and that failure to strike the defenses will cause prejudicial harm.

Defendant has not attempted to explain how the disputed paragraphs are irrelevant

2

or show prejudice; therefore, its motion to strike will be denied and defendant will be required to file an amended answer admitting or denying paragraphs 3.4-3.6.  Although the default time limit for filing a responsive pleading after denial of a motion to strike is within 10 days after notice of the order denying the motion, Fed. R. Civ. P. 12(a)(4)(A), defendant will be given half that time in light of its baseless motion.  Thus, defendant shall have five days from the date it receives notice of this order in which to file an amended answer that admits or denies the allegations in paragraphs 3.4-3.6 of plaintiff's complaint.

ORDER

IT IS ORDERED that defendant's motion to strike portions of plaintiff's complaint (dkt. #3) is DENIED.  Defendant shall have five days from the date it receives notice of this order in which to file an amended answer that admits or denies the allegations in paragraphs 3.4-3.6 of plaintiff's complaint.

Entered this 7th day of July, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge